**Gordon M. McINTYRE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 13769.

United States Court of Appeals
Sixth Circuit.

Nov. 13, 1959.

John Yates Merrell, Washington, D. C., for petitioner.

Helen A. Buckley, Charles K. Rice, Arch M. Cantrall, Lee A. Jackson, Rollin H. Transue, A. F. Prescott and Karl Schmeidler, Dept. of Justice, Washington, D. C., for respondent.

Before MILLER, CECIL and WEICK, Circuit Judges.

PER CURIAM.

The petitioner, Gordon M. McIntyre, brings this appeal for review of an Order and Decision of the Tax Court of the United States, whereby that court determined deficiencies against the petitioner for the year 1951 as follows:

Internal Revenue Code of 1939, Sec. 294(d) (1) (A) $2393.82 and Sec. 294 (d) (2) $1595.88. 26 U.S.C.A. § 294(d) (1) (A), (d) (2).

These deficiencies accrued as a result of the failure of the petitioner to file a declaration of estimated tax for the year

in question as provided by Section 294 (d) (1) (A) and for an alleged violation of Section 294(d) (2) for substantial underestimate of estimated tax for the same year arising out of the failure to file a declaration.

It is claimed by counsel that the petitioner should be excused from the penalty of Section 294(d) (1) (A) on the ground that his failure to file a declaration was due to reasonable cause and not to wilful neglect by reason of the fact that he employed an accountant to handle all of his tax matters. It is further claimed that the petitioner cannot be subjected to the penalty of Section 294 (d) (2) for the reason that this court has previously held that both penalties cannot be invoked for failure to file a return or declaration.

██ Upon consideration of the record, briefs and arguments of counsel and appendices, the court concludes that the Order and Decision of the Tax Court as to the penalty under Section 294(d) (1) (A) should be reversed. In re Fisk's Estate, (Fisk v. Commissioner of Internal Revenue) 6 Cir., 203 F.2d 358; Haywood Lumber & Mining Company v. Commissioner of Internal Revenue, 2 Cir., 178 F.2d 769; Mayflower Investment Company v. Commissioner of Internal Revenue, 5 Cir., 239 F.2d 624. The court further concludes that said Order and Decision as to the penalty under Section 294(d) (2) should be reversed. Acker v. Commissioner, 6 Cir., 1958, 258 F.2d 568, certiorari granted 358 U.S. 940, 79 S.Ct. 346, 3 L.Ed.2d 348, affirmed 80 S.Ct. 144.

Now, therefore, it is ordered, adjudged and decreed that the Order and Decision of the Tax Court be and the same is hereby reversed as to the penalty of $2393.82 under Section 294(d) (1) (A) and that said Order and Decision be and the same is hereby reversed as to the penalty of $1595.88 under Section 294(d) (2).