Karl F. KNETSCH and Eva Fay Knetsch, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16356.

United States Court of Appeals Ninth Circuit.

Nov. 16, 1959.

McLane & McLane, W. Lee McLane, Jr., Nola Lane, John Jay Schwartz, Thaddeus Rojek, Phoenix, Ariz., for appellants.

Charles K. Rice, Asst. Atty. Gen., Grant W. Wiprud, Harry Baum, Lee A. Jackson, Attorneys, Department of Justice, Washington, D. C., Laughlin E.

Waters, U. S. Atty., Robert H. Wyshak, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS and HAMLIN, Circuit Judges, and LINDBERG, District Judge.

STEPHENS, Circuit Judge.

On December 11, 1953, the taxpayers purchased ten single premium annuity bonds from the Sam Houston Life Insurance Company. The purchase price of $4,004,000 was paid by a note for $4,000,000 and $4,000 in cash. The note was without recourse, and was secured by the annuity bonds. Interest on the note at three and one-half percent per annum, amounting to $140,000 was paid in cash. On December 16, $99,000 was sent to the taxpayers by Sam Houston as an additional loan, and the taxpayers paid the company $3,465 in interest. The bonds bore interest at the rate of two and one-half percent per annum, compounded annually. They matured in thirty years, and at that time would pay the taxpayers a monthly income of $43.00. Maturity could be accelerated or the bonds cashed in, at any time at the taxpayers' option. Mr. Knetsch was sixty when he made the purchase in 1953.

A similar transaction involving an interest payment of $147,105 was entered into for 1954, prior to March 1, when the provisions of the 1954 Internal Revenue Code affecting interest deductions for annuities went into effect. 26 U.S.C.A. § 264.

These interest payments to Sam Houston were claimed as deductions in the taxpayers' 1953 and 1954 tax returns. When the deductions were disallowed, the deficiencies were paid under protest, and suit was brought in the District Court for refund. The District Court found, with ample support in the record, that the annuity bonds provided neither profit nor insurance; that they had been purchased solely to obtain a tax benefit; and that the alleged interest was not interest in fact, but the purchase price of a tax deduction. From that adverse judgment, the taxpayers have appealed.

This case arises under the Internal Revenue Code of 1939, which allows interest [1] as a deduction from gross income. The issue is whether such payments were payments of interest.

The problem has been carefully considered in United States v. Bond, 5 Cir., 258 F.2d 577, which adopted the viewpoint of the taxpayer; and in Weller v. Commissioner, 3 Cir., 270 F.2d 294, which agreed with the arguments of the government. We find ourselves in agreement with the opinion expressed by the judges of the Third Circuit.

The judgment of the District Court is affirmed.

---

1. Section 23(b), 26 U.S.C.A. § 23(b).