**UNITED STATES of America,**
**Appellant,**

v.

**Rufus C. SALLEY and Beulah S. Salley,**
**Appellees.**

**No. 18482.**

United States Court of Appeals
Fifth Circuit.

June 2, 1961.

John B. Jones, Jr., Meyer Rothwacks, Dept. of Justice, Washington, D. C., William B. Butler, U. S. Atty., Houston, Tex., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., Louis F. Oberdorfer, Asst. Atty. Gen., Harry Baum, Gilbert E. Andrews, Jr., Attys., Dept. of Justice, Washington, D. C., for appellant.

Douglas W. McGregor, Houston, Tex., McGregor, Sewell & Junell, Houston, Tex., of counsel, for appellees.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and DEVANE, District Judge.

PER CURIAM.

This case was decided by the trial court on a motion for summary judgment based on the opinion and decision of this Court in United States v. Bond, 5 Cir., 258 F.2d 577. The Supreme Court of the United States later granted certiorari 361 U.S. 958, 80 S.Ct. 589, 4 L.Ed.2d 541 in the Ninth Circuit case of Knetsch v. United States because of an apparent conflict between that case, 272 F.2d 200, and our Bond case. The Supreme Court decided in favor of the United States in the Knetsch case, 364 U.S. 361, 81 S.Ct. 132, 135, 5 L.Ed.2d 128, impliedly if not expressly, deciding that Bond was incorrectly decided.

The two cases, as does this one, dealt with the deductibility of interest payments made to an insurance company in connection with the purchase by the taxpayer of certain annuity savings bonds by the payment of a negligible sum of cash and substantially all the purchase price in promissory notes. Interest on these notes was the item of questioned deductibility. The Supreme Court, saying the question for determination was "whether what was done, apart from the tax motive, was the thing the statute intended," held that the transaction there examined was a fiction.

The government contends that we should hold that the transaction here, dealing as it did with an annuity arrangement identical or indistinguishable in essential details from that in Knetsch and Bond, must be held also not to have given rise to interest payments that are deductible. However, the Court said in the Knetsch case:

"There may well be single premium annuity arrangements with nontax substance which create an

'indebtedness' for the purposes of § 23(b) of the 1939 Code [26 U.S.C.A. § 23(b)] and § 163(a) of the 1954 Code [26 U.S.C.A. § 163(a)]. But this one is a sham."

Since, in arriving at its conclusion, the Court considered "what was done" in the Knetsch case, and since the trial court here never reached a consideration of the particular facts of this case, we deem it appropriate to reverse the judgment of the trial court and remand the case to the trial court to enable the taxpayers to develop a complete record if they believe that they can present a factual situation that would not bring them within the ruling of the Supreme Court.

Reversed and remanded for further proceedings in light of Knetsch v. United States, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128.