OPINION. Raum, Judge: The basic similarity of the present case with Knetsch v. United States, 364 U.S. 361, affirming 272 F. 2d 200 (C.A. 9), was recognized by the parties hereto when, while the Knetsch case was still pending in the Ninth Circuit, they filed a joint motion to have the instant case continued until after the conclusion of that litigation. The motion was granted, and the present trial was accordingly postponed until after the Supreme Court’s decision in Knetsch. Now that the trial has taken place and we have had an opportunity to compare “what was done” in the instant case with “what was done” in Knetsch, we think that the determination in Knetsch is controlling. We have found that during the taxable year 1954 there was the same lack of substance in petitioner’s purported annuity purchases, loans, and interest payments as was found in Knetsch. We conclude, therefore, that respondent’s disallowance of petitioners’ claimed interest deduction was proper. William R. Lovett, 37 T.C. 317; cf. Weller v. Commissioner, 270 F. 2d 294 (C.A. 3), affirming 31 T.C. 33 and W. Stuart Emmons, 31 T.C. 26, certiorari denied 364 U.S. 908; Diggs v. Commissioner, 281 F. 2d 326 (C.A. 2), affirming a Memorandum Opinion of this Court, certiorari denied 364 U.S. 908. Petitioners now contend that the instant case is distinguishable from Knetsch because the annuity contracts are still outstanding in this case and because a substantial part of the alleged indebtedness on such contracts was, in form, repaid as of the date of trial herein. They urge, therefore, that the economic and commercial substance found missing in Enetsch in fact exists on this record. A similar argument was raised and recently rejected in William B. Lovett, supra at 325. The purported loan repayments made to All Service early in 1961 — more than 6 years after the taxable year here in issue, only a few months after the Supreme Court had declared the Enetsch transaction “a sham,” and less than 6 months before the trial herein — are in no way persuasive of the economic reality of the transactions presently under consideration. Such payments, obviously made with a view to influencing the outcome of this very case, can hardly impart retroactive vitality to a transaction that was a sham in 1954. If these 1961 payments have any significance for our inquiry, they merely underscore the absence of a comparable investment in the annuity transaction in 1954. At first glance, even prior to 1961, it may appear that petitioner’s investment in the annuities here involved was somewhat greater than the $1,000 cash surrender value which the Supreme Court designated as a “relative pittance” in Enetsch. In fact, quite the opposite was true. Although the books of All Service showed that petitioner’s annuities had an aggregate “net cash value” of $5,520 at the end of 1954, this value was based on payments made in the form of “prepaid interest” on “contract loans,” which were refundable prior to the time that they were “earned.” In fact, at the end of 1954 petitioner had in form borrowed $117,441 on the six annuity contracts, which together had a gross cash surrender value of only $102,647; thus, but for petitioner’s purported prepayment of interest on contract loans, the annuities would have had a minus net cash value for the taxable year. As it was, the “net cash value” of $5,520 on All Service’s books was $1,757 less than petitioner’s out-of-pocket expenses in the annuity transaction of $7,277 in 1954. Accordingly, the Supreme Court’s conclusion in Enetsch is equally applicable here: “it is patent that there was nothing of substance to be realized * * * from this transaction beyond a tax deduction.” 364 U.S. at 366. In such circumstances, we hold that the claimed tax deduction must fall, too. Because we have concluded that the entire annuity transaction was lacking in substance during the taxable year, we do not reach the respondent’s alternative position that even if there had been economic substance to the transaction the claimed interest payment would not be deductible under the provisions of section 264 of the 1954 Code. Decision will he entered for the respondent.