Rufus C. **SALLEY** and Beulah S. Salley, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 19957.

United States Court of Appeals Fifth Circuit.

July 3, 1963.

848

Douglas W. McGregor, Houston, Tex., McGregor, Sewell & Junell, Houston, Tex., of counsel, for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Crane C. Hauser, Chief Counsel, Glen E. Hardy, Atty., I. R. S., Gilbert E. Andrews, Giora Ben-Horin and Edward S. Smith, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HUTCHESON and GEWIN, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM.

This appeal involves federal income tax deficiencies for the taxable years 1954, 1955, and 1956, in the amounts of $49,838.39, $23,109.58, and $20,856.40, respectively, and is taken from the decisions of the Tax Court entered on May 11, 1962. The findings of fact and opinion of the Tax Court are not officially reported.

The question presented is whether the Tax Court correctly held, in conformity with the decision of the Supreme Court in Knetsch v. United States, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128, that so-called interest payments on so-called loans for the purported purchase of certain annuity policies did not represent "interest * * * on indebtedness" within the meaning of Section 163(a) of the Internal Revenue Code of 1954, and consequently were not deductible from taxpayers' gross income.[1]

The facts, as found by the Tax Court were in large part stipulated.

The petitioner insists that the facts of the Knetsch case are different from those in this case and that in principle the Tax Court decision was wrong.

The commissioner, relying on the Knetsch case and many others cited by him, including United States v. Salley, 5 Cir., 290 F.2d 708, as strenuously argues that the decision was right and should be affirmed. We think it clear that this is so and that the Tax Court's judgment must be affirmed for the reasons given and the authorities relied on in its opinion and the many other cases cited in the Government's brief holding the same way.

The judgment is, therefore,

Affirmed.

---

1. Internal Revenue Code of 1954:
   "§ 163. Interest
   "(a) General Rule.—There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.
   
   * * * * *
   
   (26 U.S.C.1958 ed. Sec. 163)
   "§ 264. Certain amounts paid in connection with insurance contracts
   (a) General Rule.—No deduction shall be allowed for—
   "(1) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.
   "(2) Any amount paid or accrued on indebtedness incurred or continued to purchase or carry a single premium life insurance, endowment, or annuity contract.
   Paragraph (2) shall apply in respect of annuity contracts only as to contracts purchased after March 1, 1954.
   "(b) Contracts treated as single premium contracts.—For purposes of subsection (a) (2), a contract shall be treated as a single premium contract—
   "(1) if substantially all the premiums on the contract are paid within a period of 4 years from the date on which the contract is purchased, or
   "(2) if an amount is deposited after March 1, 1954, with the insurer for payment of a substantial number of future premiums on the contract."
   (26 U.S.C.1958 ed. § 264)