Rufus C. SALLEY and Beulah S. Salley,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 12604.

United States District Court
S. D. Texas,
Houston Division.

March 11, 1965.

Douglas W. McGregor, of McGregor, Sewell, Junell & Riggs, Houston, Tex., for plaintiffs.

Robert L. Waters, Trial Atty., Tax Div., Dept. of Justice, for defendant.

GRAVEN, Senior District Judge (by assignment).

This is an action by taxpayers to recover income tax deficiencies, penalties and interest assessed by and paid to the District Director of Internal Revenue for the taxable years 1952 and 1953.

On July 25, 1952, Rufus C. Salley (hereinafter referred to as "plaintiff") wrote to the deputy commissioner of Internal Revenue requesting a ruling on the federal tax treatment of an annuity contract and an annuity loan note. He was advised by letter from the deputy commissioner dated August 1, 1952, that interest paid on an annuity loan note would constitute an allowable deduction for federal income tax purposes.

On December 15, 1952, the Sam Houston Life Insurance Company, of which plaintiff was and is president, treasurer and a substantial stockholder, issued him five $200,000.00 single premium annuity savings bond contracts, numbered A12679 through A12683. Plaintiff paid $1,000.00 in cash on the premiums and executed a note to the insurance company for the remaining $999,000.00. The note

provided for interest at the rate of 2¾% per annum, payable in advance. In December, 1953, Sam Houston Life Insurance Company issued to the plaintiff three additional single payment annuity savings bond contracts with a face value of $500,000.00 each, numbered A15435 through A15437. Of the $1,501,500.00 premium, $1,500.00 was paid in cash and notes were executed by plaintiff to the insurance company for the remaining $1,500,000.00. These notes provided for the same terms as those executed in 1952. All loans were secured by the annuity contracts.

During the calendar year 1952, plaintiff paid interest to the insurance company on the premium notes totaling $27,-472.50. In the calendar year 1953, plaintiff paid interest to the insurance company on the premium notes totaling $40,-051.57.

By letter dated November 23, 1953, plaintiff was informed by the deputy commissioner that his ruling contained in the letter of August 1, 1952, was under further consideration and should not be further relied upon. By letter dated June 29, 1954, the ruling that interest paid on an annuity loan note was deductible for federal income tax purposes was revoked. Plaintiff received by registered mail a statutory notice of deficiency dated August 23, 1955, which in effect disallowed the deductions for interest paid during the years 1952 and 1953 on his federal income tax return. The notice assessed deficiencies for tax, penalties and interest as follows:

| Year | Tax | Penalty | Interest | Total |
|------|-----|---------|----------|-------|
| 1952 | $ 9,595.70 | $ 995.30 | $1,535.31 | 20,015.90 |
| 1953 | 16,414.71 | 1,959.72 | 1,641.47 | $12,126.31 |
| | | | Total | $32,142.21 |

On November 14, 1955, plaintiff paid the deficiencies and on September 24, 1957, filed claims for refund thereof.

So much of the facts are stipulated.

Plaintiff's motion for summary judgment was granted herein on March 2, 1960, in accordance with the case of United States v. Bond, 258 F.2d 577 (5th Cir. 1958), which held that interest paid on an annuity loan note was deductible. The United States Court of Appeals for the Fifth Circuit reversed and remanded for further proceedings in light of Knetsch v. United States, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128 (1960). United States v. Salley, 290 F.2d 708 (1961).

A similar deduction for the interest paid on the premium notes in the years 1954 and 1955 and 1956 was disallowed. The plaintiff herein sued in the Tax Court to recover the deficiencies paid for those years. The issues involved in the present litigation are identical to those before the Tax Court, except for the years involved. The Tax Court held, on the authority of Knetsch v. United States, supra, that the interest was not deductible within the meaning of Section 23(b) of the Internal Revenue Code of 1939 and Section 163(a) of the Internal Revenue Code of 1954. The findings of fact and opinion of the Tax Court are not officially reported. The United States Court of Appeals for the Fifth Circuit affirmed. Salley v. Commissioner of Internal Revenue, 319 F.2d 847 (1963).

Plaintiff contends that this case is distinguishable from Knetsch v. United States, supra, in that the loan transaction here involved was not a mere sham for the sole purpose of reducing federal income tax but had other and legitimate purposes. Plaintiff testified that the tax aspect was only one reason for purchasing the annuity. He testified that the

death benefits provided by the policy and the fact that the cash value therein increased each year were also compelling reasons for the purchase.

Knetsch v. United States, supra, dealt with similar 30-year maturity annuity savings bonds issued by the same insurance company as is here involved. The plaintiff therein paid a small amount down on the premiums and executed notes for the balance. He continued to borrow each year from the company amounts secured by the policies which kept his total indebtedness to the company slightly below the cash value of the policies and thus kept the net cash value to a negligible amount. This also had the effect of substantially reducing the monthly annuity payments at maturity and the life insurance benefits in the event of his death before maturity. The Court there held that the loan transaction was a sham; that no "indebtedness" within the applicable section of the Code was created or intended; and therefore the interest payments were not deductible. However, the Court said, 364 U.S. at page 366, 181 S.Ct. at page 135:

> "There may well be single premium annuity arrangements with nontax substance which create an 'indebtedness' for the purposes of § 23(b) of the 1939 Code and § 163(a) of the 1954 Code."

In this case, very small cash payments were made on the premiums and substantial notes were given for the balance thereof. It is stipulated that before the second anniversary date of annuity bonds A12679–A12683, and before the first anniversary of annuity bonds A15435–A15437, plaintiff had received a total of $71,000.00 from the insurance company designated as "additional loans" on the bonds. These transactions had the effect of further reducing the net cash value of the bonds and thus reduced the annuity at maturity and the death benefits payable in the event of the death before maturity. Plaintiff only alleges that he paid $67,524.07 in interest for the years in question. Thus plaintiff realized a net increase of $3,475.93 in cash on hand while gaining a substantial tax advantage. On December 29, 1953, plaintiff made a payment of $15,000.00 on the loans, the effect of which was to increase the net cash value of the policies proportionably.

Notwithstanding plaintiff's testimony that there were other compelling reasons for the purchase of the bonds, and that he would have purchased them had he not received the favorable ruling from the deputy commissioner dated August 1, 1952, the Court finds that no bona fide indebtedness was intended and that this loan transaction was a sham with no other purpose than to avoid federal income tax.

Having so found, the Court concludes that the interest paid on the premium notes for the years 1952–53 was not deductible as interest on an indebtedness under § 23(b) of the Internal Revenue Code of 1939 or § 163(a) of the Internal Revenue Code of 1954. Knetsch v. United States, 364 U.S. 361, 81 S. Ct. 132, 5 L.Ed.2d 128 (1960); Salley v. Commissioner of Internal Revenue, 319 F.2d 847 (5th Cir. 1963).

Having thus concluded that the interest was not deductible, it is unnecessary to discuss defendant's contention that the Tax Court proceeding constituted collateral estoppel on the issues here involved.

The Government has conceded that it cannot impose penalties for failing to file a declaration of estimated tax, and the only question remaining is, whether, in view of the letter of August 1, 1952, advising plaintiff that the interest would be deductible, the Government may impose penalties for underestimation of tax for the years 1952–53.

The Court finds that the plaintiff relied on the opinion of the deputy commissioner contained in the letter of August 1, 1952, in estimating his tax for the years 1952–53 and that the underestimation was caused by good faith reliance thereon.

Tax penalties are imposed to punish persons consciously guilty of some

wrongdoing or fault and should be strictly construed. Simonson v. Granquist, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962); Patchen v. C. I. R., 258 F.2d 544 (5th Cir. 1958). Therefore, they should be applied only to punish for wilful, wrongful conduct and not good faith or accidental underestimation. See, Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943); McIntyre v. C. I. R., 272 F.2d 188 (6th Cir. 1960); In re Fisk's Estate, 203 F.2d 358 (6th Cir. 1953).

The Court holds that the government wrongfully imposed the penalties of $995.30 and $1,959.72 and that the plaintiff is entitled to judgment for their recovery, together with interest at the rate of 6% per annum from November 14, 1955 as provided by Section 6611(b) (2), Title 26, U.S.C.A.

The foregoing constitutes Findings of Fact and Conclusions of Law herein.

It is hereby ordered that judgment be entered in accordance with the foregoing Findings of Fact and Conclusions of Law.