**UNITED STATES of America,**
**Appellant,**

v.

**Richard L. STECK and June D. Steck,**
**Appellees.**

**No. 6690.**

United States Court of Appeals
Tenth Circuit.

Oct. 18, 1961.

Sharon L. King, Attorney, Department of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Harry Baum, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellant.

J. Francis Hesse, Wichita, Kan. (Harry L. Hobson, of Jochems, Sargent & Blaes, Wichita, Kan., on the brief), for appellees.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellees Richard L. Steck and June D. Steck, husband and wife, sued to re-

cover federal income taxes, penalties and interest. The issues relate to the claim of constructive receipt of income and the imposition of penalties for failure to file a declaration of estimated tax and for underpayment of estimated tax. After trial to the court, judgment was for the taxpayers and the Government appeals.

The City of Wichita, Kansas, condemned land owned by taxpayers. The matter was tried to a jury and after verdict a judgment was entered which, so far as pertinent, provided:

"* * * judgment be and it hereby is entered against the City of Wichita in the amount of $30,-988.33 together with interest thereon at the rate of six per cent per annum from the 3rd day of December, 1954 to the date payment of the same is made to the clerk of the court, and that upon payment of said judgment the clerk of the court shall disburse the entire amount thereof to Richard Steck."

An appeal was taken to the Kansas Supreme Court which, on April 7, 1956, affirmed the judgment.[1] On April 12, 1956, the city deposited $30,988.33 with the clerk of the court but did not deposit the amount of the interest. The taxpayers demanded payment of the interest and, upon the continued refusal by the city to pay, brought an original mandamus proceeding in the Kansas Supreme Court. That court allowed the mandamus, saying:[2]

"* * * Again, we refer to the literal terms of the judgment. The city simply has not complied with that judgment and should be compelled to do so.

"Accordingly, we hold that the city is liable for interest on the sum of $30,988.33 at the rate of six per cent per annum from December 3, 1954, until such date as it, the interest, is paid into court."

On January 23, 1958, the city paid to the clerk the balance due on the judgment in the sum of $5,836.13 and five days later the clerk disbursed the entire amount, $36,824.46, to the taxpayers.

The taxpayers included the capital gain on the transaction in their 1958 federal income tax return. The Government claims that the sum of $30,988.33 was available to the taxpayers in 1956, was constructively received by them in that year, and should have been included in their 1956 return.

Section 451 of the 1954 Internal Revenue Code[3] provides. that income is taxable to a cash income taxpayer in the year that it is received. However, a cash basis taxpayer may not choose the year in which he would like to have items included in his income by refusing to accept amounts which are unqualifiedly made subject to his demand. Treasury Regulation § 1.451–2 (1961) covers the constructive receipt of income and, so far as pertinent, provides:

"Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account or set apart for him so that he may draw upon it at any time. However, income is not constructively received if the taxpayer's control of its receipt is subject . to substantial limitations or restrictions."

The narrow issue is whether the doctrine of constructive receipt requires the inclusion of the principal amount of the condemnation award in the taxpayers' 1956 return, the year in which such amount was paid by the city to the clerk of the court. We agree with the trial court that it does not. Whatever doubt there may be as to the right in Kansas of a judgment creditor to draw down the principal amount of a judgment without

1. Steck v. City of Wichita, 179 Kan. 305, 295 P.2d 1068.

2. Steck v. City of Wichita, 182 Kan. 206, 319 P.2d 852, 854.

3. 26 U.S.C. § 451 (1958).

hazarding his right to interest,[4] we believe that so far as this case is concerned the issue is determined by the decision of the Kansas Supreme Court in the above mentioned mandamus case. There the city contended that it was not liable for interest after the date of its deposit of the principal amount of the judgment with the clerk of the court. The Supreme Court of Kansas referred to the language of the original judgment which required the deposit of the principal amount with interest and held flatly that the city had not complied therewith and was liable for interest until it, the interest, was paid into court. If the money had been subject to withdrawal by the plaintiffs upon payment of the principal amount of the judgment into court, there would have been no right to interest after that date. The reviewing court gave effect to the literal language of the judgment which required the payment of both principal and interest to the clerk before the disbursement by the clerk to the judgment creditors. It would not comport with the comity which exists between state and federal courts for us to disagree with the Kansas court on this point. Accordingly, we hold that the taxpayers' control of the sum in question was subject to substantial limitations which, under the terms of the Treasury regulation, precluded the operation of the doctrine of constructive receipt.

■ The Internal Revenue Service assessed a $218.17 penalty against the taxpayers for the year 1954 on account of their failure to file a declaration of estimated tax as required by § 294(d) (1) (A) of the 1939 code.[5] This section imposes a penalty unless the failure "is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect." The trial court found reasonable cause for failure to file was established by the fact that the taxpayer-husband, prior to 1954, had no substantial income from other than farming operations and was not required to file a declaration of estimated tax until 1954.

In Sanders v. Commissioner of Internal Revenue, 10 Cir., 225 F.2d 629, 636, certiorari denied 350 U.S. 967, 76 S.Ct. 435, 100 L.Ed. 839, we held that the burden is on the taxpayer to establish that the failure to file was due to reasonable cause and that reasonable cause means ordinary business care and prudence. The taxpayers have not sustained that burden. All they show is lack of knowledge of the law applicable to their changed situation and that is not enough. Cases holding that reasonable cause exists where a taxpayer's belief that no return was required was fortified by the advice of a qualified lawyer or accountant given after full presentation of the pertinent facts are not applicable.[6] The decision of the trial court in regard to the $218.17 penalty has no support in the evidence, is clearly erroneous, and must be set aside.

■ The last issue involves a $45.10 penalty under § 6654 of the 1954 Internal Revenue Code[7] for underpayment of estimated tax in 1955. The trial court held that the penalty was improper as the failure was "due to reasonable cause and not to wilful neglect." The position of the Government is that the section in question requires the penalty without regard to whether there was reasonable cause.

4. Compare Davis v. Davis, 148 Kan. 211, 81 P.2d 55, a child support case in which it was held that the acceptance from the clerk of the face amount of the judgment without interest did not bar a claim to interest, with Turner v. George Rushton Baking Company, 139 Kan. 425, 32 P.2d 198, a personal injury-automobile accident case in which the Supreme Court modified and affirmed a judgment for $5,000 by reducing it to $3,500 and ordering a new trial if that amount was not acceptable to the plaintiff. The plaintiff by taking the $3,500 was said to have waived his right to interest thereon.

5. 26 U.S.C. § 294 (1952).

6. See Girard Inv. Co. v. Commissioner of Internal Revenue, 3 Cir., 122 F.2d 843, 847–848, certiorari denied 314 U.S. 699, 62 S.Ct. 479, 86 L.Ed. 559.

7. 26 U.S.C. § 6654 (1958).

Section 6654 of the 1954 code supersedes § 294(d) of the previous law,[8] and provides that in case of any underpayment of estimated tax by an individual, with exceptions not pertinent here, specified penalties or additions to tax shall be imposed. The statute mentions no alleviation of this penalty for reasonable cause. The applicable Treasury regulation [9] states that such addition to the tax applies "whether or not there was reasonable cause for the underpayment."

The taxpayers insist that as they filed no declaration of estimated tax in 1955 there may be no penalty for underpayment of estimated tax. They rely on Commissioner of Internal Revenue v. Acker, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed. 2d 127. That case involved a penalty under § 294(d) (2) of the 1939 code relating to underestimation of tax and a Treasury regulation [10] providing that, in the event of failure to file the required declaration, the estimated tax for the purposes of § 294(d) (2) is zero. The Court held that § 294(d) (2) contemplated the filing of an estimate before there could be an underestimate, that the Treasury regulation was without statutory authorization, and that the penalty could not be imposed when no declaration was filed. At the same time the Court said that the 1954 code, with which we are here concerned, eliminated the question considered in Acker by providing a single addition to the tax of 6% of the amount of underpayment "whether for failure to file a declaration of estimated tax or timely to pay the quarterly installments or for a substantial underestimation of the tax."[11] While this statement may not have been necessary to the disposition of the Acker case, it is very persuasive and accords with our view of the proper application of § 6654. It follows that the assessment of the $45.10

addition to the 1955 tax for underpayment was proper.

The judgment is affirmed in so far as it allows recovery for the additional tax assessment for 1956 and is reversed as to the allowance of recovery for the penalty imposed for failure to file declaration of estimated tax in 1954 and the penalty for underpayment of estimated tax in 1955.

---

8. Senate Report on H.R. 8300, 83rd Cong. 2d Sess., 3 U.S.Code Cong. & Adm.News p. 5241 (1954).

9. Treas.Reg. § 1.6654–1 (1961).

10. 26 C.F.R. § 29.294–1(b) (3) (i) (1949).

11. Commissioner of Internal Revenue v. Acker, 361 U.S. 87, 90, 80 S.Ct. 144, 146, 4 L.Ed.2d 127, concluding paragraph of footnote 3.