Kazimir C. Bahoric and Anna M. Bahoric v. Commissioner. Anna M. Bahoric v. Commissioner. Kazimir C. Bahoric v. Commissioner.
Bahoric v. Commissioner
Docket Nos. 86885-86887.
United States Tax Court
T.C. Memo 1963-333; 1963 Tax Ct. Memo LEXIS 14; 22 T.C.M. (CCH) 1745; T.C.M. (RIA) 63333; December 23, 1963
*14 Petitioners understated taxable income on their income tax returns for the years 1939, 1941, and 1943 to 1957, inclusive. Held: (1) Part of the deficiency for each of the years in issue was due to fraud with intent to evade tax; (2) The income tax returns filed by petitioners for the years involved were false and fraudulent with intent to evade tax; (3) Additions to tax under section 294(d)(2), I.R.C. 1939, are inapplicable; (4) Additions to tax under section 294(d)(1)(A), I.R.C. 1939, and section 6654, I.R.C. 1954, are sustained. Bruce L. Hochman, for the petitioners. Thomas J. Sullivan and Carl G. Lutz, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in the income tax of petitioners and additions to tax for the years and in the amounts as follows: Docket No. 86885 - Kazimir C. and Anna M. Bahoric
Additions to Tax
Sec. 293(b) *
Sec. 294(d)(1)(A) *
Year
Deficiency
Sec. 6653(b) **
Sec. 6654 **
Sec. 294(d)(2) *
1939
$ 74.05
$ 37.03
1941
420.20
210.10
1943
2,980.62
1,490.31
1944
1,609.34
804.67
$ 96.58
1945
2,419.55
1,209.78
142.29
1946
1,226.92
613.46
63.72
1948
6,637.28
3,318.64
338.72
1949
7,113.62
3,556.81
420.82
1950
4,588.06
2,294.03
$ 401.45
275.28
1951
6,021.80
3,010.90
527.96
351.97
1952
42,320.60
21,160.30
3,698.37
2,536.02
1953
23,464.82
11,732.41
2,104.56
1,403.03
1954
7,555.60
3,777.80
680.00
453.34
1955
15,281.16
7,640.58
1956
13,393.20
6,696.60
1957
4,238.31
2,119.15
70.91
Total
$139,345.13
$69,672.57
$7,483.25
$6,081.77
*15 Docket No. 86886 - Anna M. Bahoric
Additions to Tax
Year
Deficiency
Sec. 293(b) *
Sec. 294(d)(2) *
1947
$2,735.51
$1,367.76
$131.52
Docket No. 86887 - Kasimir C. Bahoric
1947
$2,821.01
$1,410.51
$142.35
Respondent, on brief, has conceded that petitioners are not liable for additions to tax under section 294(d)(2) of the Internal Revenue Code of 1939 for the years 1950 to 1954, inclusive. Petitioners, on brief, have conceded that they have failed to overcome the presumptive correctness of respondent's determination of income by the net worth method for the years 1939, 1941, and 1943 to 1957, inclusive. The remaining issues are: (1) Whether any part of the deficiency for each of the years involved is due to fraud with intent to evade tax; (2) whether the assessment and collection of the deficiencies for the years 1939, 1941, and 1943 through 1954 are barred by limitations; (3) whether petitioners are liable for additions to tax under section 294(d)(2) of the 1939 Code for the years 1944 through 1949; and (4) whether petitioners are liable for additions to tax under section 294(d)(1)(A) of the 1939 Code and section 6654 of the 1954 Code for the years 1950 to 1954 inclusive, *16 and the year 1957. Findings of Fact The stipulated facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Kazimir C. Bahoric and Anna M. Bahoric are husband and wife and at all times material to this case resided in Bakersfield, California. Petitioners filed joint income tax returns for the years 1939, 1941, 1943 through 1946, and 1948 through 1957 with the collector or district director of internal revenue at Los Angeles, California. Petitioners filed individual returns on the community property basis for the year 1947 with the district director at Los Angeles. For convenience, Kazimir will be referred to as petitioner. Petitioner was born in Yugoslavia in 1906 and received six years of education in that country. After arriving in the United States in 1924 at the age of 18, petitioner resided for a while with his father in Stamford, Connecticut. While in Stamford, petitioner worked as a tailor and a bakery man. Some time after arriving in this country, petitioner attended night school to learn the English language. For two or three years between 1925 and 1928 petitioner worked as a tailor for American Cleaners, Phoenix, Arizona, and was paid approximately *17 $35 to $40 a week. He attended the National Institute of Dry Cleaning at Silver Spring, Maryland, from March 24 to July 12, 1930. In 1932 or 1933 petitioner worked as a tailor and in the spotting department at St. Paul Dye Works, Santa Barbara, California, for a salary of approximately $25 a week. Petitioner's father died in 1933 and petitioner received "some" money from his estate. For about five years between 1932 and 1937 petitioner earned approximately $35 to $40 a week at Hopman Cleaners, Hammond, Indiana. In 1937 petitioner moved to Bakersfield, California, where he established a dry cleaning business on Nile Street known as East Side Cleaners. In 1948 he opened an additional shop known as College Cleaners at 2749 Alta Vista Drive. Both petitioner and his wife devoted full time to the operation of their dry cleaning business. Petitioner managed the plant and his wife kept the records and did the bookkeeping work. Both petitioner and his wife prepared bank deposit tickets, and, although usually petitioner would take the deposits to the bank, after 1949 his wife frequently made the deposits. Petitioners maintained an invoice system wherein invoices were prepared in duplicate. The *18 original was kept with the clothes and a copy was given to the customer. When the customer called for the clothing and paid cash, the sale was rung up on the cash register and the invoice, marked "paid," was put on a spindle. If the customer had a charge account, the invoice was marked "charge" and placed in a file. At the end of each month petitioner's wife prepared monthly statements, in duplicate, and mailed them to the charge customers. In 1944 petitioner employed an accountant to prepare his income tax returns. For purposes of showing business expenses, petitioner supplied his accountant with check stubs and a record of cash paid out. As a record of business receipts, petitioner gave the accountant a figure labeled "bank deposit" handwritten on a piece of paper which at times was an adding machine tape, the back of an envelope, note paper, or a piece of hotel stationery. At the end of each of the years 1938 through 1957 petitioners owned certain assets and liabilities such that their net worth at the end of each of these years was as follows: Year End
Net Worth
1938
$ 3,700.35
1939
6,109.75
1940
6,916.12
1941
10,687.53
1942
$ 12,251.23
1943
21,490.54
1944
27,452.18
1945
34,911.54
1946
38,692.57
1947
57,824.06
1948
80,408.55
1949
102,515.27
1950
119,078.15
1951
137,852.30
1952
219,174.83
1953
264,953.12
1954
282,810.94
1955
319,959.96
1956
350,601.70
1957
369,535.64
The *19 amounts of net income or (loss) reported by petitioners on their income tax returns, less the standard deduction (as allowed by respondent), their correct net income, and the resulting understatements of income for each of the years 1939, 1941, and 1943 through 1957, are set out below: Under-
Correct
stated
Net Income
Net In-
Net In-
Year
Reported
come
come
1939
$ 1,248.74
$ 4,409.40
$ 3,160.66
1941
1,500.07
5,771.41
4,271.34
1943
3,870.59 *
12,239.31
8,368.72
1944
2,873.42
8,461.64
6,088.22
1945
2,851.49
10,559.36
8,207.87
1946
712.19
6,058.49
5,346.30
1947 **
1,713.07
12,110.84
10,397.77
1947 ***
1,713.07
12,110.84
10,397.77
1948
445.36
27,684.15
27,238.79
1949
2,956.76
27,440.91
24,484.15
1950
(670.64)
20,887.95
21,558.59
1951
128.91
23,774.15
23,645.24
1952
1,509.97
81,122.53
79,612.56
1953
(22,027.71)
50,778.29
72,806.00
1954
(16,041.63)
22,857.82
38,899.45
1955
(6,834.42)
41,825.27
48,659.69
1956
(1,735.61)
35,641.74
37,377.35
1957
13,079.69
23,933.94
10,854.25
Total
[13,706.68)
$427,668.04
$441,374.72
During the years 1948 through 1958, petitioners made cash deposits *20 to savings and loan accounts in the amounts as follows: Year
Cash Deposits
1948
$ 3,100.00
1949
1950
1,900.00
1951
3,400.00
1952
41,686.50
1953
8,430.00
1954
11,455.90
1955
37,355.00
1956
26,556.76
1957
15,615.27
Total
$149,499.43
Petitioner held certain bank and savings and loan accounts jointly with his brother, Rev. Francis Bahoric, during the years 1947 through 1957. On July 8, 1947, a savings account opened by Francis in the Security First National Bank, Los Angeles, California, in 1930, in which there was a balance of $5,000, was converted to a joint account in the names of Francis and Kazimir. In 1954, the balance in the account of $5,100.74 was withdrawn by Kazimir and deposited to an East Side Cleaners commercial account in a Bakersfield bank. Petitioner held a savings and loan account in his name as trustee for Francis during the years 1952 through 1957. In addition, petitioner held a savings and loan account in his name as trustee for his son, John, in 1957 and for his wife in 1956 and 1957. In 1948 petitioners began to acquire tental property but reported no rent income until 1953. Petitioners received interest income from loans and bank accounts and savings and loan accounts which were either *21 in their names or their names as trustees, and which was either paid to them or credited to their accounts in the following amounts for the years 1949 to 1957, inclusive: Year
Interest Earned
1949
$ 144.02
1950
532.74
1951
810.63
1952
1,600.35
1953
4,181.55
1954
3,800.69
1955
4,518.06
1956
6,560.61
1957
7,883.20
For the years 1949 through 1957, petitioners reported the following amount of interest on their income tax returns: Year
Interest Reported
1949
1950
1951
1952
1953
$ 51.31
1954
1955
2,100.00
1956
1,556.00
1957
8,600.00
Petitioners received certain interest checks in December of 1954, 1955, 1956, and 1957, which were not deposited to bank accounts until after January 1 of the succeeding year. Respondent began investigating petitioner's income tax liability in 1957, and on November 1, 1957, informed petitioners that their records did not accurately reflect income. At no time during respondent's investigation did petitioners supply respondent with records of gross receipts for any year prior to 1958. Respondent's deficiency notice was sent on February 29, 1960. On February 14, 1961, in the United States District Court for the Southern District of California, petitioner pleaded guilty to a charge of tax evasion *22 of his and his wife's joint Federal income tax return for the year 1954. At least a part of the deficiency for each of the years in issue was due to fraud with intent to evade tax, and the returns for these years were false and fraudulent with intent to evade tax. Without reasonable cause, petitioners failed to file a declaration of estimated tax for each of the years 1945 through 1957. Opinion The first and principal issue is whether part of the deficiency determined by respondent in petitioners' income taxes for each of the years 1939, 1941, and 1943 to 1957, inclusive, is due to fraud with intent to evade tax. The burden of proving fraud, which must be established by clear and convincing evidence separately for each year involved, rests on respondent. W. A. Shaw, 27 T.C. 561, affd. 252 F. 2d 681 (C.A. 6); Henry S. Kerbaugh, 29 B.T.A. 1014. Proof of understatement of income alone is insufficient to prove fraud. L. Glenn Switzer, 20 T.C. 759; James Nicholson, 32 B.T.A. 977. Consistent understatement of income in substantial amounts over a period of years, however, is evidence of fraud and together with other circumstances has been held to support a finding of fraud. Holland v. United States, 348 U.S. 121; *23 Drieborg v. Commissioner, 225 F. 2d 216 (C.A. 6); Kurnick v. Commissioner, 232 F. 2d 678 (C.A. 6); Rogers v. Commissioner, 111 F. 2d 987 (C.A. 6); Schwarzkopf v. Commissioner, 246 F. 2d 731 (C.A. 3). Where such substantial and consistent understatements have been admitted by the taxpayer, they have been held to be strong evidence of fraud. Abraham Galant, 26 T.C. 354; David H. Schultz, 30 T.C. 256, 276, reversed and remanded for other reasons, 278 F. 2d 927 (C.A. 5). In the instant case, respondent determined that petitioners understated their income for 1939, 1941, and for a 14-year consecutive period beginning in 1948 in amounts substantially in excess of those reported. Petitioners do not contest respondent's reconstruction of their income except with respect to opening cash on hand. They claim to have had $50,000 accumulated from prior earnings, but concede they have failed to establish the conversion of this cash into the assets reflected in respondent's net worth statement. The net result is admitted understatement of income for each of the years in issue. The only explanation for these understatements offered by petitioners is that they were too ignorant to realize that *24 the records given to their accountant did not accurately reflect their income. We find this explanation singularly unbelievable. Both petitioners helped operate the business, Anna kept the books and records of the operation and both made bank deposits. It is unlikely that either petitioner was unaware of the income unreported or of their duty to report it. In addition to unexplained omission of substantial amounts of income in the years involved, petitioners either failed to keep adequate records of income or failed to supply such records to their accountants and to make such records available to respondent's agents. See Spies v. United States, 317 U.S. 492; Holland v. United States, supra. The absence of records of income is made more significant by the fact that petitioners supplied their accountants with detailed records of business expenses. Other evidence of fraud is the failure to report specific items of rent income for the years 1949 through 1952 and of interest income for 1949 through 1956. Although petitioners reported interest income in excess of that received for 1957, it may fairly be assumed that this conduct was prompted by respondent's investigation begun in the latter *25 part of 1957. Large cash deposits during 1948 through 1957 and bank, and savings and loan accounts, held by petitioner jointly with or as purported trustee for other persons are further badges of fraud. See Graves v. United States, 191 F. 2d 579 (C.A. 10); Jelaza v. United States, 179 F. 2d 202 (C.A. 4). In addition, petitioner's plea of guilty to a charge of tax evasion in the District Court for the Southern District of California for the year 1954 is evidence of fraud in that year. Bennett E. Meyers, 21 T.C. 331. The substantial and consistent understatements of income admitted by petitioners are strong evidence of fraud and, together with the additional enumerated indications of a fraudulent intent, compel us to find that part of the deficiency for each of the years 1939, 1941, and 1943 through 1957 is due to fraud with intent to evade tax. Having found that part of the deficiency for each of the years involved was due to fraud, it follows that the return for each of these years was false and fraudulent with intent to evade tax. Consequently, the statute of limitations does not bar the assessment and collection of the tax for these years. Section 6501(e), Internal Revenue Code of 1954; *26 section 276(a), Internal Revenue Code of 1939. In addition, petitioners have waived the statute of limitations for the year 1955. Since the statute of limitations is tolled because of false and fraudulent returns, it is unnecessary to consider respondent's further contention that the assessment and collection for the years 1954 and 1955 are not barred under section 6501(e) of the Internal Revenue Code of 1954 because of omission of more than 25 percent of gross income. Respondent determined additions to tax under section 294(d)(2), Internal Revenue Code of 1939, for substantial underestimation of income tax for the years 1944 through 1954, but now concedes that by virtue of Commissioner v. Acker, 361 U.S. 87, these additions are inapplicable to the years 1950 through 1954 for which years additions to tax were imposed for failure to file a declaration of estimated tax under section 294(d)(1)(A), Internal Revenue Code of 1939. Although in Commissioner v. Acker, supra, additions to tax under section 294(d)(1)(A) and (2) were concurrently imposed, the case holds that the imposition of the addition to tax under section 294(d)(2) contemplates an initial estimation of tax due. Since petitioners *27 did not file declarations of estimated tax for the years 1944 through 1949, the addition to tax for underestimation cannot be imposed for these years despite the fact that respondent has determined no addition to tax for these years for failure to file a declaration. Cf. McIntyre v. Commissioner, 272 F. 2d 188 (C.A. 6), reversing a Memorandum Opinion of this Court. See United States v. Steck, 295 F. 2d 682, 685 (C.A. 10). Petitioners have introduced no evidence to show reasonable cause for failure to file a declaration of estimated tax for each of the years 1950 through 1954, and for 1957, and respondent's determination of additions to tax for these years under section 294(d)(1)(A), Internal Revenue Code of 1939, and under section 6654, Internal Revenue Code of 1954, for the year 1957 is sustained. Decisions will be entered under Rule 50. Footnotes
*. I.R.C. of 1939. I.R.C. of 1954.↩
*. As reported on State of California income tax return and conceded by petitioners, on brief, to be substantially the same as their Federal income tax return. ↩
**. Kazimir C. Bahoric ↩
***. Anna M. Bahoric.↩