**J. E. SAWYER and Norma R. Sawyer**

v.

**UNITED STATES of America.**

**Civ. A. No. 760685.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Feb. 3, 1977.

John M. Shuey, Shuey, Smith & Carlton, Shreveport, La., for plaintiffs.

Donald E. Walter, U. S. Atty., and Lawrence L. Jones, Asst. U. S. Atty., Shreveport, La., Joseph M. Persinger, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

DAWKINS, Senior District Judge.

### RULING

Plaintiffs, J. E. Sawyer and Norma R. Sawyer, here are seeking to recover $3,842.33, plus interest, which they paid under protest after being assessed an additional tax penalizing them for underpaying estimated income tax for the 1974 calendar year. The action is brought here under authority of 28 U.S.C. § 1346(a)(1)[1] and § 1402.[2]

The facts here are uncontested; no trial was held, and the case was submitted on briefs after counsel filed a pretrial stipulation on November 11, 1976.

Plaintiffs filed a joint federal income tax return for the 1973 calendar year. Based on the tax paid for that year and an estimate of 1974 tax which would be due, plaintiffs timely paid an estimated amount, and they timely paid the balance due for the 1974 calendar year as soon as they realized their estimated payments were deficient. The Internal Revenue Service audited plaintiffs' 1974 tax returns and penalized them for their underpayments under the authority of 26 U.S.C. § 6654.[3]

---

1. "(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

"\* \* \*"

2. "(a) Any civil action against the United States under subsection (a) of section 1346 of this title may be prosecuted only:

"(1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;

"\* \* \*"

3. "(b) *Amount of underpayment.*—For purposes of subsection (a), the amount of the underpayment shall be the excess of—

"(1) The amount of the installment which would be required to be paid if the estimated tax were equal to 80 percent (66⅔ percent in the case of individuals referred to in section 6073(b), relating to income from farming or fishing) of the tax shown on the return for the taxable year or, if no return was filed, 80 percent (66⅔ percent in the case of individuals referred to in section 6073(b), relating to

In a series of letters to the IRS, plaintiffs attempted to have the assessment cancelled. Being unsuccessful in this, plaintiffs paid the assessment under protest and filed this action on June 28, 1976.

Plaintiffs' argument is set forth in the pretrial stipulation, page 2:

"In general, the plaintiffs claim that their failure to pay the total amount of estimated tax for the year 1974, was due to reasonable cause and not to willful neglect. That, due to the circumstances and the de minimus amount of the underpayment the assessment is arbitrary, capricious and unreasonable and that the failure of the Internal Revenue Service to allow the claim for refund of such penalty constituted an abuse of discretion."

Defendant's argument, also expressed in the pretrial stipulation, page 2, is:

"In general, the defendant claims that the penalty assessed is specifically provided by Section 6654 of the Internal Revenue Code and is mandatory. Further, the defendant claims that the plaintiffs do not qualify under any of the exceptions for reduction or elimination of such penalty."

(Plaintiffs do not contend that they qualify under any of the express exceptions of 26 U.S.C. § 6654, *supra.* Rather, they would have us establish an unwritten exception, one based on equitable principles.)

Title 26 U.S.C. § 6654, *supra,* is explicit in its terms. The exceptions to imposing the penalty clearly are expressed within the statute itself and its amendments. The predecessor statute, § 294(d) of the 1939 Internal Revenue Code, contained an exception to the penalty if a taxpayer could show good cause for underpaying the estimated tax, but that exception was not carried over into the 1954 Internal Revenue Code. It seems clear that this was the congressional intent, not mere oversight.

income from farming or fishing) of the tax for such year, over

"(2) The amount, if any, of the installment paid on or before the last date prescribed for such payment.

"(c) *Period of underpayment.*—The period of underpayment shall run from the date the installment was required to be paid to whichever of the following dates is the earlier—

"(1) The 15th day of the fourth month following the close of the taxable year.

"(2) With respect to any portion of the underpayment, the date on which such portion is paid. For purposes of this paragraph, a payment of estimated tax on any installment date shall be considered a payment of any previous underpayment only to the extent such payment exceeds the amount of the installment determined under subsection (b)(1) for such installment date.

"(d) *Exception.*— * * *

"(2) * * *

"(A) The taxable income shall be placed on an annualized basis by—

"(i) multiplying by 12 (or, in the case of a taxable year of less than 12 months, the number of months in the taxable year) the taxable income (computed without deduction of personal exemptions) for the months in the taxable year ending before the month in which the installment is required to be paid,

"(ii) dividing the resulting amount by the number of months in the taxable year ending before the month in which such installment date falls, and

"(iii) deducting from such amount the deductions for personal exemptions allowable for the taxable year (such personal exemptions being determined as of the last date prescribed for payment of the installment).

\* \* \* \* \* \*

"(3) An amount equal to 90 percent of the tax computed at the rates applicable to the taxable year, on the basis of the actual taxable income and the actual self-employment income for the months in the taxable year ending before the month in which the installment is required to be paid as if such months constituted the taxable year.

\* \* \* \* \* \*

"(e) *Application of section in case tax withheld on wages.*—For purposes of applying this section—

"(1) The estimated tax shall be computed without any reduction for the amount which the individual estimates as his credit under section 31 (relating to tax withheld at source on wages), and

"(2) The amount of the credit allowed under section 31 for the taxable year shall be deemed a payment of estimated tax, and an equal part of such amount shall be deemed paid on each installment date (determined under section 6153) for such taxable year, unless the taxpayer establishes the dates on which all amounts were actually withheld, in which case the amounts so withheld shall be deemed payments of estimated tax on the dates on which such amounts were actually withheld."

The statute,[4] the cases,[5] the regulations,[6] and a leading income tax service,[7] all draw the same conclusion: neither reasonable cause nor good faith is a valid defense against the penalty; only may a taxpayer avoid the additional assessment by fitting within one of the exceptions listed within the statute itself.

For these reasons, we must and do rule against plaintiffs and for defendant. Coun-

sel are instructed to prepare a judgment in accordance with this ruling and present it to us for signing within ten days of this date.

---

4. 26 U.S.C. § 6654, *supra.*

5. *Smith's Estate v. C. I. R.,* 313 F.2d 724 (8th Cir., 1963); *United States v. Steck,* 295 F.2d 682 (10th Cir., 1961); *Durovic v. C. I. R.,* 54 T.C. 1364 (1970):

"A. 1954

"Section 294(d)(1)(A) of the Internal Revenue Code of 1939, which applies to all years beginning before January 1, 1955 (sec. 6654(h)), provides, in part, as follows:

(A) Failure to File Declaration.—In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. * * * Since there is no evidence that petitioner filed a declaration of estimated tax at any time during 1954, the only question raised by section 294(d)(1)(A) is whether petitioner's failure to file was due to reasonable cause. We think such reasonable cause did, in fact exist.

"Where a taxpayer exercises ordinary business care and prudence, his failure to file a declaration of estimated tax, pursuant to section 294(d)(1)(A), within the prescribed time will not be deemed negligent. *George S. Van Schaick, Supt. of Insurance,* 32 B.T.A. 736, 744 (1935). When warranted, reliance on a certified public accountant or an attorney will constitute ordinary care and prudence. *Estate of H. B. Hundley,* 52 T.C. 495, 514 (1969). In the instant case petitioner relied on the tax expertise of accountant Grauer. Since to our knowledge petitioner had not prior to 1954 had occasion to file returns for United States income, petitioner's reliance upon Grauer was both reasonable and prudent. Cf. *Estate of Henry P. Lammerts,* 54 T.C. 420 (1970). The mere fact that, according to the conclusions reached by us in this proceeding, Grauer was incorrect in concluding that petitioner would not have to pay tax

in 1954, and that a declaration of estimated tax would, therefore, not be required, is not fatal to petitioner. *Brooklyn & Richmond Ferry Co.,* 9 T.C. 865, 877 (1947). Petitioner's good-faith disclosure to .his accountant, who was in all respects well qualified, and who was aware of petitioner's reliance, was, in our judgment, all that was required. Compare *Rene R. Bouche,* 18 T.C. 144, 149 (1952) (reliance not sufficient where accountant not competent).

"B. 1955–1958

"The additions to tax, as determined by respondent, for underpayment of estimated taxes during the years 1955 through 1958 is governed by section 6654.[23] As we said in

[23] Sec. 6654. Failure by individual to pay estimated income tax.

*Estate of Barney Ruben,* 33 T.C. 1071, 1072 (1960), 'This has no provision relating to reasonable cause and lack of willful neglect. *It is mandatory and extenuating circumstances are irrelevant.*' Only if petitioner shows that his case comes within one of the exceptions provided in subsection (d) can he be excused from payment of a penalty under section 6654. *John P. Reaver,* 42 T.C. 72 (1964). This he has not shown and (to the extent now applicable) respondent's determination may not, therefore, be overturned." (Emphasis added.)

"(a) Addition to the Tax.—In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 for the taxable year an amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (e))." *Durovic v. C. I. R.,* 54 T.C. 1364, at pages 1399–1400 (1970).

See also, decided under the 1939 Internal Revenue Code, *Commissioner v. Acker,* 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959), affirming *Acker v. C. I. R.,* 258 F.2d 568 (6th Cir., 1958); *Webster v. United States,* 375 F.2d 814, 179 Ct.Cl. 697 (1967); *Salley v. United States,* 239 F.Supp. 161 (S.D.Tex., 1965).

6. C.F.R. § 1.6654.

7. 8A *Mertens Law of Federal Income Taxation* (Rev.), § 47A.29a.