73 F.3d 373
 77 A.F.T.R.2d 96-491, 96-1 USTC P 50,025
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David P. LANSDOWN, Petitioner-Appellant,
v.
COMMISSIONER of INTERNAL REVENUE, Respondent-Appellee.
 No. 94-9022.
(T.C. No. 4936-93)
 United States Court of Appeals,
Tenth Circuit.
 Dec. 21, 1995.
 
 Before KELLY, SETH and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 KELLY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner David P. Lansdown, appearing pro se, appeals the tax court's order disallowing him the foreign earned income exclusion of 26 U.S.C. 911(a), and imposing additions to tax for failure to file timely his 1983 and 1984 tax returns and pay the tax due. Petitioner claims he was a bona fide resident of Nigeria or Syria for the tax years in question, and therefore he was entitled to the foreign earned income exclusion provided by 911(a). We have jurisdiction over petitioner's timely appeal pursuant to 26 U.S.C. 7482 and 7483. We affirm the tax court's order, but on alternate grounds for tax years 1983, 1984 and 1988. See Medina v. City & County of Denver, 960 F.2d 1493, 1495 n. 1 (10th Cir.1992)(reviewing court is free to affirm lower court decision on any grounds supported by record sufficiently to permit conclusions of law).
 
 
 3
 Petitioner claimed the foreign earned income exclusion for tax years 1983 and 1984 based on his presence in Nigeria. He was employed in Nigeria from July 1980 until December 14, 1984. He worked long hours but took frequent vacations. During those breaks, he traveled to the United States, Europe, or Asia. Petitioner's housing in Nigeria was provided through his employment, and he maintained his residence in Oklahoma. Petitioner then lived and worked in the United States until July of 1988, when he went to Syria pursuant to a written contract for employment from July 28, 1988 through July 27, 1989. His employment in Syria then continued pursuant to a similar written contract for employment from July 28, 1989 through July 27, 1990. He claimed the foreign earned income exclusion for tax years 1988 and 1989 based on his presence in Syria.
 
 Section 911 states:
 
 4
 (a) Exclusion from gross income.--At the election of a qualified individual ... there shall be excluded from the gross income of such individual, and exempt from taxation under this subtitle, for any taxable year-
 
 
 5
 (1) the foreign earned income of such individual, and
 
 
 6
 (2) the housing cost amount of such individual.
 
 
 7
 * * *
 
 
 8
 (d) Definitions and special rules.--For purposes of this section -
 
 
 9
 (1) Qualified individual.--The term "qualified individual" means an individual whose tax home is in a foreign country and who is-
 
 
 10
 (A) a citizen of the United States and establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, or
 
 
 11
 (B) a citizen or resident of the United States and who, during any period of 12 consecutive months, is present in a foreign country or countries during at least 330 full days in such period.
 
 
 12
 26 U.S.C. 911. "Thus, to be entitled to the foreign earned income exclusion within the context of section 911, an individual must have his 'tax home' in a foreign country and satisfy either the 'bona fide residence' requirement or 'physical presence' requirement of section 911(d)(1)." Lemay v. Commissioner, 837 F.2d 681, 682 (5th Cir.1988).
 
 
 13
 Petitioner did not meet the statutory requirements of a "qualified individual" for the years 1984 or 1988 because he did not live in Nigeria or Syria, respectively, for an entire tax year. Although petitioner argues he was in Syria for longer than twelve consecutive months, 911(d)(1)(A) requires bona fide foreign residence for "an entire taxable year," which, according to petitioner's tax returns, runs from January 1 through December 31. He moved from Nigeria on December 14, 1984, and he did not move to Syria until July of 1988. Petitioner does not claim that he was a resident of either Nigeria or Syria outside the dates stated above, although he claims he "has presented documentation supporting continuing expenses for Nigeria for 1985 and 1986," reply brief at 2. Even if that evidence had been presented at the tax court hearing, such evidence would not necessarily establish residency, particularly in view of petitioner's testimony that he worked in the United States in 1985 and 1986 to arrange business liaisons between Nigerian and American businesses. Accordingly, petitioner was not a bona fide resident of Nigeria in 1984 or Syria in 1988 "for an uninterrupted period which includes an entire taxable year," as required by 911(d)(1)(A).
 
 
 14
 We also reject petitioner's assertion that he is entitled to the foreign earned income exclusion for 1983 and 1984 because the exclusion was approved for tax years 1980, 1981, and 1982. Respondent challenged petitioner's claim noting that petitioner had claimed a credit, but not the exclusion. Regardless, each tax year must be evaluated separately. See generally Commissioner v. Sunnen, 333 U.S. 591, 598 (1948). Therefore, petitioner is not automatically entitled to the foreign earned income exclusion for tax years 1983 and 1984.
 
 
 15
 We next address petitioner's claim that he was a "qualified individual" for tax year 1983 because his tax home was in Nigeria, and he was a bona fide resident of that country. He also claims "qualified individual" status for tax year 1989 based on his presence in Syria.
 
 
 16
 We review de novo the issue whether a taxpayer was a bona fide resident of a foreign country for purposes of 911. Jones v. Commissioner, 927 F.2d 849, 852 (5th Cir.1991). Petitioner bears the burden of proof. Id. at 853. The congressional intent in establishing the foreign earned income exclusion was "to encourage foreign trade by encouraging foreign employment for citizens of the United States, and to place them in an equal position with citizens of other countries going abroad who are not taxed by their own countries." Id. (citing authorities).
 
 
 17
 Factors to be considered to evaluate whether a taxpayer was a bona fide resident of a foreign country include:
 
 
 18
 (1) taxpayer's intention to remain indefinitely in the foreign country, as contrasted with an intention to stay for a fixed period of time for a specific purpose;
 
 
 19
 (2) arrangement and payment of transportation to and from the foreign country;
 
 
 20
 (3) establishment of a home in the foreign country;
 
 
 21
 (4) assimilation into the foreign life and society;
 
 
 22
 (5) whether taxpayer's spouse and family also lived in the foreign country;
 
 
 23
 (6) payment of foreign taxes;
 
 
 24
 (7) application for naturalization or citizenship in the foreign country;
 
 
 25
 (8) method of paying wages, whether in the foreign country or to a United States bank;
 
 
 26
 (9) taxpayer's conduct consistent with intent and purpose to remain indefinitely in the foreign country.
 
 
 27
 Jones v. Kyle, 190 F.2d 353, 355 (10th Cir.), cert. denied, 342 U.S. 886 (1951). Similar factors were applied in Jones v. Commissioner, 927 F.2d at 853, and Sochurek v. Commissioner, 300 F.2d 34, 38 (7th Cir.1962). The list of factors stated above is not exhaustive; other factors may be relevant to the bona fides of a taxpayer's foreign residence.
 
 
 28
 Petitioner lived and worked in Syria during the 1989 tax year running from January 1, 1989 through December 31, 1989. His initial employment contract was for a distinct period of one year with no obligation for employment past July 27, 1989, despite his claim that his promotion on July 1, 1989 intended permanent or indefinite employment; his employer paid his foreign taxes and arranged for his housing; his salary was adjusted for pension and savings, and to permit him to maintain a home in the United States; his social contacts were largely with coworkers and employees of the American embassy; and he attained only a traveler's knowledge of Arabic. We recognize that petitioner's family situation was not contrary to his foreign residency. Although petitioner now asserts that it was his intention to stay in Syria indefinitely, he can point to no evidence other than his after-the-fact statement. Cf. Jones, 927 F.2d at 854 (taxpayer asserting Japanese residency had returned dividend check which was based on Alaskan residency). Consequently, we determine that petitioner was not a bona fide resident of Syria for tax year 1989, and therefore, he was not eligible for the foreign earned income exclusion.
 
 
 29
 We next consider whether petitioner was a bona fide resident of Nigeria for tax year 1983. His employment in Nigeria spanned the period from January 1, 1983 through December 31, 1983. During 1983, petitioner was physically present in Nigeria for 179 days, and in the United States for 186 days. His housing in Nigeria was provided by his employer, he worked eighty hours per week, and he left Nigeria when he was not working to travel around the world, including to the United States. While in the United States in 1983, petitioner rested from his exhausting work, had surgery, and visited various members of his family, including his children. As noted above, we acknowledge that it was not petitioner's choice that his children remain in the United States. His house in Oklahoma was available for his use at all times.
 
 
 30
 Although petitioner made business contacts in Nigeria, paid taxes to Nigeria, and obtained a Nigerian driver's license and alien registration, considering all of the circumstances, we conclude petitioner's conduct was inconsistent with an intent and purpose to make his home in Nigeria. See Jones v. Kyle, 190 F.2d at 355. Accordingly, because he did not establish that he was a bona fide resident of Nigeria, he was not entitled to the foreign earned income exclusion for tax year 1983.
 
 
 31
 Finally, we address petitioner's challenge to the additions to tax imposed for tax years 1983 and 1984. The tax court imposed penalties under (1) 26 U.S.C. 6651(a)(1) for unreasonably failing to file returns for those years; (2) 26 U.S.C. 6653(a)[2] for negligent underpayment of tax; and (3) 26 U.S.C. 6654(a) for failing to pay any estimated tax for tax years 1983 and 1984.
 
 
 32
 To avoid the assessment of a penalty for negligence under 6651(a), the taxpayer bears the burden to prove that his failure to file a tax return was due to a reasonable cause. United States v. Boyle, 469 U.S. 241, 245 (1985); see also Muck v. United States, 3 F.3d 1378, 1381 (10th Cir.1993)(burden is on responsible person to show he did not willfully fail to remit withholding taxes due). The tax court's determination of a taxpayer's negligence is reviewed for clear error. Goldman v. Commissioner, 39 F.3d 402, 406 (2d Cir.1994); Kantor v. Commissioner, 998 F.2d 1514, 1522 (9th Cir.1993); Pasternak v. Commissioner, 990 F.2d 893, 902 (6th Cir.1993); Accardo v. Commissioner, 942 F.2d 444, 452 (7th Cir.1991), cert. denied, 503 U.S. 907 (1992).
 
 
 33
 Petitioner admitted that he did not file his 1983 and 1984 tax returns until 1990, and offered no explanation or justification for his failure to do so. Therefore, the tax court's determination that his failure to file the returns was negligent is not clearly erroneous. See 26 U.S.C. 6012 (persons required to file income tax returns).
 
 
 34
 Under the version of 6653(a) in effect at the time in question, a taxpayer was assessed a penalty if he was negligent in underpaying the tax. Negligence "includes any failure to make a reasonable attempt to comply with the provisions of this title." Section 6653(a)(3). Here, it is undisputed that petitioner would owe no taxes if he had been granted the foreign earned income exclusion for the years in question. Under these circumstances, we conclude petitioner did make the requisite reasonable attempt to comply with the tax laws, and therefore, the finding that he was negligent under this section was clearly erroneous. As evidenced by our discussion above, the tax laws are exceedingly complex and difficult to apply. To find petitioner negligent for not knowing in advance how these rules ultimately would be applied to his situation is unfair. Accordingly, we reverse the imposition of a penalty pursuant to 6653(a).
 
 
 35
 Section 6654, providing for additions to tax for underpayment of estimated tax, does not provide an exception for reasonable cause. United States v. Steck, 295 F.2d 682, 685 (10th Cir.1961); accord Estate of Smith v. Commissioner, 313 F.2d 724, 737 (8th Cir.1963); Baasch v. United States, 742 F.Supp. 65, 69 (E.D.N.Y.1990), aff'd without opinion, 930 F.2d 911 (2d Cir.1991); Sawyer v. United States, 426 F.Supp. 572, 573-74 (W.D.La.1977). Here, petitioner does not claim that he had any income tax withheld or made any estimated tax payments for 1983 or 1984. He also does not claim he meets any of the exceptions of 6654(e). Therefore, we must affirm the additions to tax imposed pursuant to 6654.
 
 
 36
 The decision of the tax court is AFFIRMED IN PART AND REVERSED IN PART, consistent with this order and judgment. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 26 U.S.C. 6653 has since been amended. References here are to the Internal Revenue Code of 1954, as amended and in effect during 1983 and 1984